UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN DILALLO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1688 HEA |
| ) | |
| ONE BEACON AMERICAN ) | |
| INSURANCE COMPANY, and ) | |
| BROAD SPIRE NATIONAL ) | |
| SERVICES, INC. f/k/a KEMPER ) | |
| NATIONAL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 5]. Plaintiff opposes the motion and has filed her written opposition thereto. For the reasons set forth below, the Motion is denied.

### Facts and Background[1]

Plaintiff brought this action against Defendants under the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*., (ERISA), to recover benefits she claims are due under an employee welfare

---

[1] This recitation of the facts is taken from the pleadings and the attachments thereto. They are set forth for the purpose of this motion only and in no way relieve the parties of necessary proof thereof in later proceedings.

benefit plan. Plaintiff was formerly employed by Defendant OneBeacon and/or CGU Insurance Company and/or Commercial Union Insurance Company, (collectively referred to as OneBeacon). Plaintiff, while employed, was a participant in the CGU Short Term and Long Term Disability Plan. Defendant Broadspire f/k/a Kemper National Services, Inc., (Kemper) served as the claims administrator under the Plan.

Plaintiff alleges that on January 11, 1999, she fell while leaving work and sustained an injury. She has not worked at OneBeacon since that day. Plaintiff alleges that she became permanently and totally disabled for a period of more than six months during her employment with OneBeacon on January 11, 1999. Plaintiff's employment with OneBeacon was formally terminated on November 23, 1999.

On March 9, 1999, Kemper denied Plaintiff's claim for short-term disability benefits stating that the reason therefore was that it had received no objective data from Dr. Jeffrey Faron and that it was unable to make a disability determination. Furthermore, Plaintiff was advised that the medical information presented did not support the disability. Plaintiff's final appeal of the denial for her short-term disability claim was denied on September 10, 1999.

On January 26, 2000, Kemper denied Plaintiff's claim for long-term disability benefits, stating that Plaintiff did not meet the definition of disability as defined by

the CGU Long-Term Disability Plan. Plaintiff's appeal for reinstatement of long-term disability benefits was denied on March 30, 2000.

On June 5, 2000, OneBeacon upheld the denial of long-term disability benefits. On June 30, 2004, OneBeacon further reviewed Plaintiff's medical records and again denied Plaintiff's claim for benefits on August 16, 2004. On October 8, 2003, the Social Security Administration (SSA) issued a Decision finding Plaintiff has been under a disability "since May 1, 2000."

Defendants move to dismiss arguing that Plaintiff's statement regarding the onset of her disability to the SSA conclusively establishes that she did not become disabled until after the termination of her employment, and therefore under the Plan provisions, she is not entitled to any benefits.

## **Standard of Review**

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Botten v. Shorma,* 440 F.3d 979, 980 (8th Cir.2006); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005).

When considering a motion to dismiss, courts are required to accept the

complaint's factual allegations as true. *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir.2001); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir.2006). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir.2002). Further, written instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* "'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.'" *Abels,* 259 F.3d at 921." *Quinn*, 470 F.3d at 1244. A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000).

## Discussion

The parties do not dispute that in order for a plan participant to be covered under the Plan, the participant's disability must have began while employed. Defendants argue, however, that plaintiff made a judicial admission before the Social Security Administration that her "disability onset date" was May 1, 2000.

Defendants' reliance on this statement as a "judicial admission" which requires dismissal is misplaced. The statement upon which Defendants rely is that Plaintiff "agreed to amend her disability onset date to May 1, 2000 to comport with the objective medical evidence," Far from an unequivocal admission, Plaintiff's statement to the SSA is, rather, what appears to this Court as a concession, or the result of negotiations, by the Plaintiff based on SSA regulations. The inference to be drawn from this particular statement is that it was made solely for the purposes of SSA proceeding rather than an admission as to when Plaintiff's disability began. By its terms, the statement establishes that Plaintiff is responding to other factors requiring an "amendment" of her onset of disability date, not that she was claiming that the actual onset date of her disability was in fact May 1, 2000. As such, this statement does not serve as a binding judicial admission of Plaintiff's disability onset date.[2]

## **Conclusion**

In light of the above analysis, it cannot be said that Plaintiff can prove no set of facts in support of the claim which would entitle her to relief." *Conley,* 355 U.S.

---

[2] The fact that the statement was made may be used as evidence of the onset date in later proceedings, but for the purposes of this motion, the Court construes the facts in the light most favorable to Plaintiff and considers all reasonable inferences from those facts in Plaintiff's favor.

at 45-46; *Botten,* 440 F.3d at 980; *Gilmore*., 406 F.3d at 937.  Defendant's Motion to Dismiss must therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 5], is denied.

Dated this 9th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE